UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA   :   Criminal No.: 2:12 CR 263-1 (DMC)

:

:   Filed:

v.   :

:   Violation: 15 U.S.C. § 1

STEPHEN E. HRUBY,

:

Defendant.   :

---

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendant, Stephen E. Hruby ("Hruby"), hereby enter into the following Plea Agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.")

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1. Hruby will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in the United States District Court of New Jersey to a one-count Information, in the form attached, in which he is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy to rig bids at certain auctions for tax liens conducted by municipalities within the District of New Jersey from at least as early as the beginning of December 2002 until approximately February 2009.

## **DEFENDANT'S COOPERATION**

2. Hruby will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the purchase of municipal tax liens in the State of New Jersey, as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of Hruby shall include, but not be limited to:

(a) producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by the United States in connection with any Federal Proceeding;

(b) making himself available for interviews, not at the expense of the United States, at the New York Office of the Antitrust Division, or at other mutually-agreed upon locations, upon the request of attorneys and agents of the United States;

(c) bringing to the attention of the United States all crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

(d) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) otherwise voluntarily providing to the United States any materials or information, not requested in (a)-(c) of this paragraph, that is related to any Federal Proceeding;

(f) when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(g) committing no further crimes whatsoever.

### GOVERNMENT'S AGREEMENT

3. Subject to the full, truthful, and continuing cooperation of the defendant, as described in Paragraph 2 of this Agreement and upon the Court's acceptance of the guilty plea called for by this Agreement, the United States will not bring further criminal charges against Hruby for any act or offense committed prior to the date of this Agreement that was in furtherance of any agreement to rig bids at municipal tax lien sales or auctions in the State of New Jersey. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal securities laws, or to any crime of violence.

4. It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the United States will bring the fact, manner and extent of the cooperation of Hruby to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM PENALTIES

5.  Hruby understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of 15 U.S.C. § 1 is:

(a) a term of imprisonment for ten (10) years (15 U.S.C. § 1);

(b) a fine in an amount equal to the greatest of (1) $1 million, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (15 U.S.C. § 1 and 18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. § 5D1.2(a)(2)).

6.  In addition, Hruby understands that:

(a) pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. § 3583(d), the Court may impose an order of restitution to the victims of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7.  Hruby understands that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence. Hruby understands that the Sentencing Guidelines determinations will be

made by the Court by a preponderance of the evidence standard. Hruby understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

8.  Hruby understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. Hruby acknowledges that the entry of his guilty plea to the charged offense authorizes the sentencing court to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence Hruby will receive. Hruby understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either party's sentencing recommendation, he nevertheless has no right to withdraw his plea of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of Hruby's activities with respect to this case, and all other activities of Hruby which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of Hruby's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by Hruby both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of Hruby therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any

representation made by or on behalf of Hruby, and to supply any other information that the Court may require.

9. If the United States determines that Hruby has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. § 5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence Hruby in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5), and thus impose, in the Court's discretion, a sentence below the applicable Sentencing Guidelines ranges for a term of incarceration and/or a fine. The United States and Hruby are free to recommend or argue for any specific sentence to the Court.

10. Hruby understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of his sentence.

11. Hruby acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that Hruby has not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. § 5K1.1, but will not entitle Hruby to withdraw his guilty plea once it has been entered. Hruby further understands that whether or not the United States files its motion pursuant to U.S.S.G. § 5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

## REPRESENTATION BY COUNSEL

12. Hruby has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. Hruby has thoroughly reviewed this Agreement with his attorney, and has received satisfactory explanations from his attorney concerning each paragraph of this Agreement and alternatives available to him other than entering into this Agreement. After conferring with his attorney and considering all available alternatives, Hruby has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

13. Hruby's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to Hruby as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

14. Hruby agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that he has failed to provide full and truthful cooperation, as described in Paragraph 2 of this Agreement, or has otherwise violated any provision of this Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and Hruby shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive

offenses relating to the investigation resulting in this Agreement. Hruby agrees that, in the event that the United States is released from its obligations under this Agreement and brings criminal charges against him for any offense referred to in Paragraph 3 of this Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Agreement.

15.    Hruby understands and agrees that in any further prosecution of him resulting from the release of the United States from its obligations under this Agreement based on Hruby's violation of the Agreement, any documents, statements, information, testimony, or evidence provided by him to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against him in any such further prosecution. In addition, Hruby unconditionally waives his right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

16. This Agreement constitutes the entire agreement between the United States and Hruby concerning the disposition of the criminal charge contained in this case. This Agreement cannot be modified except in writing, signed by the parties.

17. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated:                                                      Respectfully submitted,

_____                                 _____
STEPHEN E. HRUBY                                            DEBRA C. BROOKES
                                                            JOHN W. MCREYNOLDS
_____                                 BRYAN C. BUGHMAN
PAUL E. SUMMIT, ESQ.                                        CHARLES V. REILLY
ANDREW T. SOLOMON, ESQ.                                     Attorneys, Antitrust Division
Counsel for Stephen Hruby                                   U.S. Department of Justice
                                                            26 Federal Plaza, Room 3630
                                                            New York, New York 10278
                                                            (212) 335-8029

9